# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

THOMAS L. THOMAS,

      Plaintiff,

   v.

KAREN LAWSON; JANET BELL;
VINCENT CULLOTTA; DAVID A.
BASINSKI; and J. KELLY BROOKS,

      Defendants.

CIVIL ACTION NO.: 5:17-cv-8

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court for review of Plaintiff's *pro se* Complaint and Motion to Proceed *in Forma Pauperis*. After review, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DENY** Plaintiff's request for injunctive relief, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff filed his Complaint on January 12, 2017, pursuant to 42 U.S.C. §§ 1983 through 1986. (Doc. 1.) In his Complaint, which is the third cause of action Plaintiff has filed in this Court contesting child custody proceedings arising in the State of Ohio and in Brantley County, Georgia, Plaintiff contends Defendants Lawson, Bell, Cullotta, and Basinski, all of whom are or were judges in the State of Ohio, and Defendant Brooks, a Brantley County Superior Court Judge, acted outside of their judicial authority. Specifically, Plaintiff avers Defendants Lawson and Bell acted without subject matter jurisdiction by entering rulings in an Ohio state custody

proceeding after he had filed a notice of removal in this Court. Plaintiff claims Defendants Cullotta and Basinski refused to issue orders on certain of his requests and that Defendant Basinski retaliated against him by refusing to issue an order. Further, Plaintiff maintains Defendant Brooks entered a final order denying his motion for relief from judgment and ordered the clerk not to forward Plaintiff's appeal by right to the Georgia Court of Appeals. (Id. at pp. 6–16.) Plaintiff seeks $10,000,000 in damages and the issuance of preliminary injunctive relief against Defendants. (Id. at pp. 17–18.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I.     **Plaintiff's 42 U.S.C. §§ 1983 Through 1986 Claims**

     A.     **Claims Against Defendants in Their Capacities as Judicial Officials**

Judicial immunity bars Plaintiff's claims against Defendants in their official capacities.[1] Congress did not abrogate the doctrine of judicial immunity when it enacted Section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff clearly complains about Defendants' actions or omissions in their capacities as judicial officials in cases pending before them in which Plaintiff was a named party. He fails to make a plausible claim that Defendants acted in the clear absence of jurisdiction. Plaintiff maintains Defendants Lawson and Bell entered orders in the Ohio child custody case, even

---

[1] Plaintiff asserts his claims against Defendants are in "their Individual-Capacities outside their Judicial Capacities[ ]", (see, e.g., doc. 1, p. 18); however, Plaintiff's complains about Defendants' actions in their roles as judges. Thus, it is appropriate to address Plaintiff's claims against Defendants under the doctrine of judicial immunity.

though he had filed his notice of removal in this Court. However, it appears the orders Defendants Lawson and Bell entered in the Ohio proceedings were in response to motions Plaintiff had filed in the Ohio proceedings after he filed the notice of removal in this Court. (Docs. 1-11, 1-12, 1-13.) These Defendants did not act in a clear absence of all jurisdiction. Plaintiff cannot complain about judicial actions taken as a result of his filings and claim that Defendants Lawson and Bell acted outside of their judicial authority. Consequently, the Court should **DISMISS** Plaintiff's Section 1983 claims against all named Defendants based on judicial immunity principles.

### B. Plaintiff's Claims Against Defendant Brooks, Cullotta, and Basinski

Plaintiff maintains Defendant Brooks directed the Brantley County Clerk not to forward Plaintiff's appeal by right of Defendant Brooks' order to the Georgia Court of Appeals. (Doc. 1, p. 16.) He also claims Defendants Cullotta and Basinski refused to issue orders to dispose of Plaintiff's filings in the Ohio courts. Even if Plaintiff's claims against these Defendants were not barred by the doctrine of judicial immunity, Plaintiff is not entitled to his requested relief. Plaintiff essentially asks this Court to compel Defendants Cullotta, Basinski, and Brooks and the Brantley County Clerk to perform certain actions in his state court proceedings.

Given the nature of Plaintiff's requested relief, it appears that Plaintiff has available to him the option of filing a writ of mandamus with the Georgia Supreme Court as to compelling Defendant Brooks to perform an action. The Georgia Supreme Court has the authority "[t]o grant any writ necessary to carry out any purpose of its organization or to compel any inferior tribunal or officers thereof to obey its order." O.C.G.A. § 15-2-8(3). There is no evidence Plaintiff has pursued this option.

Moreover, to the extent Plaintiff wishes for this Court to compel these Defendants to take specific action, this Court cannot do so. "Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties." Lawrence v. Miami-Dade Cty. State Attorney Office, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); Moye v. Clerk, DeKalb Cty. Super. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973). Therefore, federal district courts have repeatedly held that they lack jurisdiction to issue a writ of mandamus as to state officials. See, e.g., Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties."). Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Brooks, Cullotta, and Basinski for this additional reason.

## C. Plaintiff's Conspiracy Claims

A conspiracy to violate another person's constitutional rights violates Section 1983. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

"To establish a prima facie case of [a S]ection 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854

F.2d 421, 425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, . . . but must show some evidence of agreement between the defendants." Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Likewise, "[t]o state a claim under [42 U.S.C.] § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States." Gibbs v. United States, 517 F. App'x 664, 669 (11th Cir. 2013) (citing Childree v. UAP/GA AG Chem., Inc., 92 F.3d 1140, 1146–47 (11th Cir. 1996)). "The language of Section 1985 which requires an intent to deprive one of equal protection or equal privileges and immunities means that there must be some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action." Byrd v. Clark, 783 F.2d 1002, 1007–08 (11th Cir. 1986), *abrogated on other grounds by* Nolin v. Isbell, 207 F.3d 1253, 1256 (11th Cir. 2000).

While "Section 1983 provides redress where a person acting under color of state law violates another's federally protected rights," "Section 1986, by contrast, creates a cause of action against any person who has knowledge of a conspiracy to interfere with civil rights and has the power to prevent the commission of such wrongs but neglects to do so." Favors-Morrell

v. United States, No. CV 215-24, 2016 WL 3221859, at *5 (S.D. Ga. June 8, 2016), *aff'd sub nom.*, Morrell v. United States, No. 16-15103 (11th Cir. Dec. 8, 2016).

Here, Plaintiff's Complaint is completely lacking in any factual allegations that Defendants reached an agreement to or intended to conspire against him. Additionally, Plaintiff fails to make any assertion that any Defendant was aware of an alleged conspiracy to violate his rights and neglected to prevent such interference. Instead, Plaintiff merely states in a conclusory fashion that Defendants "conspired to violate this Plaintiff of his clearly established 'Federal Constitutional Rights[.]'" (Doc. 1, p. 17.) In addition, there is nothing before the Court indicating that Defendants acted with a discriminatory animus. Consequently, the Court should **DISMISS** Plaintiff's conspiracy claims under Sections 1983, 1985, and 1986.[2]

### D. Plaintiff's Retaliation Claims Against Defendant Basinski

Here, Plaintiff asserts Defendant Basinski retaliated against him by refusing to enter an order in the Ohio case pending before Defendant Basinski. Plaintiff ostensibly contends that Defendant Basinski's actions violated Plaintiff's First Amendment right to redress.

To state a claim for retaliation for exercising his First Amendment rights "a plaintiff must establish that: (1) the speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the retaliatory conduct and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). First Amendment retaliation is actionable because "it threatens to inhibit exercise of the protected right." Id. at 1253. A plaintiff "need not actually have been deprived of [his] First Amendment rights in order to establish a claim of retaliation—because conduct that tends to chill the exercise of a constitutional right might not itself deprive a citizen of such a

---

[2] Plaintiff also attempts to invoke this Court's jurisdiction pursuant to 42 U.S.C. § 1984. (Doc. 1.) However, this statute was "omitted" from Title 42. See 42 U.S.C. § 1984.

right—to recover for retaliation," but the plaintiff "must show that the defendant['s] conduct resulted in something more than a '*de minimis* inconvenience' to the exercise of his First Amendment rights." Bethel v. Town of Loxley, 221 F. App'x 812, 813 (11th Cir. 2006) (internal citations omitted). A plaintiff "must have suffered an adverse effect on the exercise of [his] First Amendment rights." Bennett, 423 F.3d at 1252. "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1250.

Plaintiff fails to set forth any facts which reveal that, even if Defendant Basinski retaliated against him by refusing to enter an order, Plaintiff suffered any inconvenience to the exercise of his First Amendment rights—*de minimis* or otherwise. Additionally, Plaintiff fails to establish that he suffered any adverse effect on his First Amendment rights as a result of Defendant Basinski's alleged retaliatory actions. Instead, Plaintiff summarily states Defendant Basinksi retaliated against him, which is an insufficient basis for liability. Thus, the Court should **DISMISS** Plaintiff's claims against Defendant Basinski for this additional reason.

## II.  Plaintiff's Request for Preliminary Injunction

Plaintiff requests that this Court issue a preliminary injunction against Defendants to prevent "any acts of Retaliation, harassment, coercions, threats, and intimidation[.]" (Doc. 1, p. 18.) To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).

Here, Plaintiff clearly fails at the first of these four prerequisites. As noted above, Plaintiff fails to establish any viable claim for relief, and thus, he cannot show he has a substantial likelihood of success on the relative merits of his claims. Accordingly, the Court should **DENY** Plaintiff's request for a preliminary injunction.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or

---

[3] A certificate of appealability is not required in this civil action.

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). For these same reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **DENY** Plaintiff's request for injunctive relief, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation is to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA